UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **THOMAS AND PHYLLIS O'NEILL, h/w** ) | Case Number |
| ) | |
| Plaintiff ) | CIVIL COMPLAINT |
| ) | |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| **NCO FINANCIAL SYSTEMS, INC.** ) | |
| ) | |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Thomas and Phyllis O'Neill, h/w, by and through their undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiffs, Thomas and Phyllis O'Neill, h/w (hereinafter "Plaintiff"), are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that Defendant maintains a principle place of business in this District.

### III.  PARTIES

4. Plaintiffs, Thomas and Phyllis O'Neill, h/w, are adult natural persons residing at 2334 Dayton Avenue, Atco, NJ 08004. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc. at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New Jersey and the Commonwealth of Pennsylvania and has a principal place of business located at 507 Prudential Road, Horsham, PA 19044-8007.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. Plaintiffs retained a law firm to assist them in resolving personal financial issues.

8. Plaintiffs received a letter from Defendant dated February 4, 2011, stating that the original creditor, Dell Financial Services, LLC, placed Plaintiffs account with Defendant for collection. **See Exhibit "A" attached hereto.**

9. Plaintiffs immediately informed their lawyer of the letter they received from Defendant.

10. On or around February 25, 2011, Plaintiffs' lawyer sent Defendant a cease and desist letter informing Defendant that their law firm had been retained by Plaintiffs and to direct all future communications to their firm. **See Exhibit "B" attached hereto.**

11. During the week of March 6, 2011, Plaintiffs were contacted on three occasions by Defendant despite the aforementioned letter being sent.

12. During the first phone call, the Plaintiff, Phyllis spoke to Defendant's agent, "Shonda" who was very forceful in trying to coerce Plaintiffs into paying the alleged debt.

13. The Plaintiff, Phyllis informed Defendant's agent that Plaintiffs were being represented by a law firm and that if Defendant would like to discuss payments, Defendant must do so through Plaintiffs' lawyer.

14. The Plaintiff, Phyllis told Defendant's agent, "Shonda" that Plaintiffs' lawyer had send Defendant a cease and desist letter and that Defendant should already be aware of the situation.

15. The Plaintiff, Phyllis went on to ask Defendant's agent if Defendant had indeed received the letter, at which point the agent told the Plaintiff, Phyllis that she had the letter right in front of her.

16. The aforementioned conversation ended on the note that Defendant's agent was going to contact Plaintiffs' lawyer.

17. Later the same day, Defendant's agent called the Plaintiff, Phyllis back claiming that Defendant contacted Plaintiffs' lawyer and discussed the account.

18. Defendant's agent claimed that a representative at the law firm told the agent that it would take four to five months to make payment arrangements but that that would not work for Defendant.

19. Plaintiffs' lawyer has no record of any contact with Defendant regarding Plaintiffs account.

20. Defendant's agent, "Shonda" told the Plaintiff, Phyllis that the offer presented by Plaintiffs' lawyer was "not good enough" and that Defendant needed the money immediately and demanded that Plaintiffs make a payment of $1,800.00.

21. The Plaintiff, Phyllis told Defendant's agent that Plaintiffs could not afford to pay Defendant that amount which is why Plaintiffs are working with a debt consolidation law firm.

22. Defendant's agent did not care to listen to what the Plaintiff, Phyllis, had to say and continued to coerce the Plaintiff, Phyllis out of a payment.

23. Defendant's agent, "Shonda" told the Plaintiff, Phyllis not to pay Plaintiffs' mortgage and to pay Defendant instead.

24. The Plaintiff, Phyllis told the Defendant's agent that Plaintiffs will not not pay their mortgage and risk having their home foreclosed on.

25. Defendant's agent responded to the Plaintiff, Phyllis by telling her that Plaintiffs' house will not be foreclosed and that the agent should know.  Defendant's agent went on to tell the Plaintiff, Phyllis that since Plaintiffs have two mortgages it would not matter if they did not pay the one.

26. Defendant's agent threatened that if Plaintiffs did not make an immediate payment then Defendant will take Plaintiffs to court, have the Plaintiff, Thomas' wages garnish and that Defendant will take Plaintiffs' home.

27. Defendant's agent, "Shonda" claimed that she was the last person the account went to before it goes to Defendant's attorneys. Defendant's agent, "Shonda" told the Plaintiff, Phyllis, "I am the one who puts a stamp on the account to send to our attorneys."

28. The Plaintiff, Phyllis again told Defendant's agent that Plaintiffs simply cannot afford to pay Defendant that much and that is why Plaintiffs are working with a lawyer to pay of their debts.

29. Defendant's agent, "Shonda" told the Plaintiff, Phyllis that if Plaintiffs cannot afford to pay then they need to borrow money from friends or family members because Defendant wants $1,800.00 by 4:00pm that very day.

30. On or around March 7, 2011, Defendant sent a second letter to Plaintiffs stating that Defendant is offering Plaintiffs the opportunity to make payments on the account before it is forwarded to an attorney. **See Exhibit "C" attached hereto.**

31. On or around March 17, 2011, Plaintiffs received a voicemail on their home answering machine from Defendant's agent, "Shonda."

32. The aforementioned voicemail stated, "Good Afternoon, I'm trying to reach Thomas O'Neill or Mrs. O'Neill, Phyllis O'Neill. I want to speak to Mrs. O'Neill. The law requires to notify you that I am calling from NCO Financial Systems. This is a communication from a debt collector. This is an attempt to collect a debt. Any

information obtained will be used for that purpose. Mrs. O'Neill you and I spoke for a while on March 11 regarding this. I need a call back immediately regarding this to follow up on the things we discussed. Again, my name is Shonda, I am the pre legal assistant here and your account is in my office under pre legal status. Please contact me at 866-204-0805, ID #NX1226. Again, 866-204-0805. Thank you."

33.  Plaintiffs' answering machine's welcome message is a stock message which does not state Plaintiffs' names, therefore, Defendant's agent, "Shonda" left a detailed message on a machine that could have belonged to someone else.

34.  Defendant contacted Plaintiffs by mail and telephone on multiple occasions after being notified by Plaintiffs' lawyer to cease and desist all contact with Plaintiffs.

35.  Defendant's agent harassed Plaintiffs in an attempt to have Plaintiffs make immediate payments over the phone.

36.  The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

37.  The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

38.  At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

39. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

## **COUNT I – FDCPA**

40. The above paragraphs are hereby incorporated herein by reference.

41. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

42. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(1):   At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer

§ 1692c(a)(2):   After it knows consumer to be represented by an attorney unless attorney consents or is unresponsive

§ 1692c(c):   After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication

§ 1692d:   Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(2):   Profane language or other abusive language

§ 1692d(5):   Caused the phone to ring or engaged any person in telephone conversations repeatedly

| | | |
|---|---|---|
| § 1692e: | | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(4): | | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment |
| § 1692e(8): | | Threatens or communicates false credit information, including the failure to communicate that a debt is disputed |
| § 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692f(6): | | Taken or threatened to unlawfully repossess or disable the consumer's property |

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against NCO Financial Systems, Inc. for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                              **Respectfully submitted,**

                                              **WARREN & VULLINGS, LLP**

**Date:  March 25, 2011**             **BY:** */s/ Bruce K. Warren*
                                                Bruce K. Warren, Esquire

                                              **BY:** */s/ Brent F. Vullings*
                                                Brent F. Vullings, Esquire

                                                Warren & Vullings, LLP
                                                93 Old York Road
                                                Suite 333
                                                Jenkintown, PA 19046
                                                215-745-9800   Fax 215-745-7880
                                                Attorneys for Plaintiff